UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LINDA F. WEATHERS, | DOCKET NUMBER |
| Appellant, | SF-0752-20-0364-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE, | DATE: December 19, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda F. Weathers, Richmond, California, pro se.

Stephanye Snowden and Joshua Rose, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. On petition for review, the appellant reiterates her argument that she was forced to retire because of a hostile work environment.[2] She also claims that the former agency

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

representative treated her unprofessionally.[3]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to find that the appellant did not establish jurisdiction over her appeal by preponderant evidence, we AFFIRM the initial decision.

Contrary to what the administrative judge observed, the appellant did not request a hearing during the proceedings below.  Initial Appeal File (IAF),

---

[2] The record reflects that the appellant sought a retirement annuity estimate in March 2018, and completed a retirement application in August 2018, in which she indicated that she would retire in January 2019.  Initial Appeal File, Tab 4 at 8-10, Tab 17 at 5.  Thus, this is not a situation in which the appellant did not have time to reflect on her decision.  *Cf. Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 7 (2002) (observing that a retirement decision may be considered involuntary when the appellant did not have sufficient time to reflect about her alternative course of action). Further, the appellant concedes on review that at the time she retired, at least two of the managers she claimed were responsible for the hostile work environment resulting in her retirement—if not all three—were no longer in her supervisory chain.  Petition for Review (PFR) File, Tab 1 at 4-5, 12.  The appellant could have withdrawn her decision to retire any time before its effective date. Finally, we have fully considered the events that the appellant alleges occurred as far back as 2017 as part of the totality of the circumstances but find that the appellant did not prove by preponderant evidence that her retirement was involuntary.

[3] The appellant provides no details concerning this allegation in her petition for review, PFR File, Tab 1 at 6, and the record does not reflect that she raised her concerns with the administrative judge below.

Tab 19, Initial Decision at 1. When an appellant has not requested a hearing, the threshold question is not whether she has raised a nonfrivolous allegation of jurisdiction, but whether she has established by preponderant evidence that the Board has jurisdiction over her appeal. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 18 (2007). The administrative judge informed the appellant of the appropriate burden of proof and the deadline by which she was to file evidence and argument satisfying it. IAF, Tab 2 at 4, Tab 9 at 2. Because we agree with the administrative judge that the appellant did not nonfrivolously allege in that evidence and argument that her retirement was coerced, we find that the appellant necessarily did not establish that her retirement was coerced under the higher preponderant evidence standard. The administrative judge's application of the incorrect nonfrivolous allegation standard in the initial decision was thus harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).[4]

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[4] Because the appellant raised a claim of discrimination in this constructive adverse action appeal, and the Board has now issued a Final Order dismissing the appeal for lack of jurisdiction, the agency is required, under Equal Employment Opportunity Commission (EEOC) regulations, to reissue a notice under 29 C.F.R. § 1614.108(f) giving the appellant the right to elect between a hearing before an EEOC administrative judge and an immediate final decision. *See* 29 C.F.R. § 1614.302(b).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.